IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Senior Judge Wiley Y. Daniel**

Civil Action No. 12-cv-02414-WYD-KMT

KIMBERLY DUKE-ROSSER,

 Plaintiff,

v.

CHARLES BRADLEY SISSON, M.D.;
WESTERN HEALTHCARE NETWORK; and,
INTEGRATED MEDICAL CONSULTANTS, a/k/a COLORADO PAIN CLINIC,

 Defendants.

_____

### ORDER
_____

THIS MATTER is before the Court on Charles Bradley Sisson, M.D., Western Healthcare Network, and Integrated Medical Consultants, a/k/a Colorado Pain Clinic's Motion To Dismiss Pursuant To FED. R. CIV. P. 12(b)(1) and 12(b)(6) [ECF No. 8]. For the reasons stated below, the motion is GRANTED.

### BACKGROUND

On September 11, 2012, plaintiff, Kimberly Duke-Rosser, filed a complaint [ECF No. 1] alleging that defendants, Charles Bradley Sisson, M.D. ("Dr. Sisson"), Western Healthcare Network, and Integrated Medical Consultants, a/k/a Colorado Pain Clinic (collectively "the Defendants") violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, and the Colorado Antidiscrimination Act ("CAA"), COLORADO REVISED STATUTES § 24-34-401, *et seq.*, by discriminating against her on the basis of her gender and by discharging her in retaliation for filing a discrimination complaint with the Equal

- 1 -

Employment Opportunity Commission ("EEOC").

Duke-Rosser began employment with the Defendants in December 2009. As Director of Legal Case Management, she "developed and maintained professional rapport and relationships with key personnel with attorney's offices and with all of the Western Healthcare Network providers and staff." ECF No. 1, p. 3, ¶ 11. Duke-Rosser alleges that during her employment, Dr. Sisson "routinely target[ed] female employees with belittling language." *Id.* at ¶ 12. Duke-Rosser states that Dr. Sisson described female employees as "fucking incompetent" and "fucking idiots." *Id.* at ¶ 12. Duke-Rosser further states that the Defendants denied raises to female employees, allegedly for lack of funds, while simultaneously issuing raises to male employees.

In November 2009, Duke-Rosser filed an EEOC complaint regarding the Defendants' treatment of female employees. The Defendants received an EEOC Notice Letter regarding Duke-Rosser's complaint, and the Defendants suspended Duke-Rosser on January 28, 2011, without providing a reason for suspension. Duke-Rosser told her supervisor that she believed the Defendants suspended her because she filed an EEOC complaint against them. On February 4, 2011, the Defendants terminated Duke-Rosser. On September 11, 2012, Duke-Rosser filed this suit alleging gender discrimination and retaliation under Title VII and the CAA. On November 5, 2012, the Defendants filed a Motion To Dismiss Pursuant To FED. R. CIV. P. 12(b)(1) and 12(b)(6) [ECF No. 8] arguing that: (1) Duke-Rosser does not assert viable Title VII claims because the Defendants do not employ more than 15 persons and because Duke-Rosser does not allege that the Defendants employ 15 or more persons; (2) supervisors such as Dr. Sisson cannot be sued in their individual capacity for an alleged Title VII

violation; and, (3) because Duke-Rosser's Title VII claims are not viable and because this matter is before the Court on federal question jurisdiction, this Court should decline to exercise supplemental jurisdiction over Duke-Rosser's state law CAA claims and dismiss them for lack of subject matter jurisdiction.

## ANALYSIS

### A.  Legal Standard

FED. R. CIV. P. 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2007).

In ruling on a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), I "must accept all the well-pleaded allegations of the complaint as true and construe them in the light most favorable to the plaintiff." *David v. City and County of Denver*, 101 F.3d 1344, 1352 (10th Cir. 1996), *cert. denied*, 522 S.Ct. 858 (1997)(citations omitted). The plaintiff "must include enough facts to 'nudge[] [his] claims across the line from conceivable to plausible.'" *Dennis v. Watco Cos., Inc.*, 631 F.3d 1303, 1305 (10th Cir. 2011) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Conclusory allegations are not sufficient to survive a motion to dismiss. *Gallagher v. Shelton*, 587 F.3d 1063, 1068

(10th Cir. 2009); see also Twombly, 550 U.S. at 546 (2007) (The plaintiff's burden "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do"). General allegations "encompass[ing] a wide swath of conduct, much of it innocent" will fail to state a claim. Robbins v. Oklahoma, 519 F.3d 1242, 1247 (10th Cir. 2008).

**B. Title VII of the Civil Rights Act of 1964**

Pursuant to Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . . " 42 U.S.C. § 2000e-2(a)(1).

Title VII defines employer as "a person[1] engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding year, and any agent of such a person . . . " 42 U.S.C. § 2000e(b). Thus, in order for a discrimination claim to fall under Title VII's protection, defendant employers must employ 15 or more persons. Duke-Rosser does not allege that Western Healthcare Network or Integrated Medical Consultants, a/k/a Colorado Pain Clinic employs 15 or more persons. Further, Duke-Rosser stated in her Response [ECF No. 15] that she would file a motion for leave to file an amended complaint "within the next several days, in order to add allegations concerning the

---

[1] Western Healthcare Network and Integrated Medical Consultants, a/k/a Colorado Pain Clinic qualify as persons under Title VII. See 42 U.S.C. § 2000e(a) ("The term 'person' includes one or more individuals, governments, governmental agencies, political subdivisions, labor unions, partnerships, associations, corporations, legal representatives, mutual companies, joint-stock companies, trusts, unincorporated organizations, trustees, trustees in cases under title 11, United States Code, or receivers"). Neither party disputes that Dr. Sisson cannot be individually liable for violations under Title VII. See Haynes v. Williams, 88 F.3d 898, 899 (10th Cir. 1996) (quoting Sauers v. Salt Lake Cnty., 1 F.3d 1122, 1125 (10th Cir. 1993)) ("The relief granted under Title VII is against the *employer*, not individual employees whose actions would constitute a violation of the Act"). Thus, Dr. Sisson is immaterial in the context of the "employer" analysis.

number of employees employed by the Companies, as well as to clarify certain other allegations." ECF No. 15, p. 4, ¶ 2.  As of Tuesday, May 28, 2013, Duke-Rosser has not filed such a motion.

The Supreme Court of the United States has held that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 516 (2006).  Thus, a plaintiff must plead in her complaint that the defendants employ 15 or more persons in order for her complaint to withstand a motion to dismiss.  Duke-Rosser fails to do so, and as such, her Title VII claims fail.  Therefore, the Defendants' Motion To Dismiss Pursuant To FED. R. CIV. P. 12(b)(1) and 12(b)(6) [ECF No. 8] is GRANTED and Duke-Rosser's Title VII claims are DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.

## C.  Duke-Rosser's CAA Claims

Because subject matter jurisdiction in this action is based on federal question jurisdiction *i.e.*, Duke-Rosser's Title VII claims, and because those claims are dismissed, this Court lacks subject matter jurisdiction over Duke-Rosser's state law CAA claims.  Because I dismissed all claims over which this Court had original jurisdiction, I decline to exercise supplemental jurisdiction over Duke-Rosser's state law CAA claims and those claims are DISMISSED WITHOUT PREJUDICE. *See* 28 U.S.C. § 1367(c)(3)[2]; *Smith v. City of Enid by & ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998) (citations omitted) ("When all federal claims have been dismissed, the

---

[2] Pursuant to 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if it "has dismissed all claims over which it has original jurisdiction . . . "

- 6 -

court may, and usually should, decline to exercise jurisdiction over any remaining state claims").

## CONCLUSION

After careful consideration of the matters before this Court, it is

ORDERED that Charles Bradley Sisson, M.D., Western Healthcare Network, and Integrated Medical Consultants, a/k/a Colorado Pain Clinic's Motion To Dismiss Pursuant To FED. R. CIV. P. 12(b)(1) and 12(b)(6) [ECF No. 8] is **GRANTED**, and plaintiff, Kimberly Duke-Rosser's, claims under Title VII of the Civil Rights Act of 1964 are **DISMISSED WITH PREJUDICE**.

In light of the dismissal of Duke-Rosser's Title VII claims and pursuant to the discretion afforded me under 28 U.S.C. § 1367(c)(3), I decline to exercise supplemental jurisdiction over Duke-Rosser's Colorado Antidiscrimination Act claims. Accordingly, it is

FURTHER ORDERED that those claims are **DISMISSED WITHOUT PREJUDICE**. This dismissal does not address the merits of Duke-Rosser's Colorado Antidiscrimination Act claims.

Dated: May 28, 2013.

BY THE COURT:

/s/ Wiley Y. Daniel
Wiley Y. Daniel
Senior U. S. District Judge